## Robinson v. Farmers & Traders Bank of Mt. Olivet.

(Decided November 26, 1918.)

### Appeal from Robertson Circuit Court.

Husband and Wife—Guaranty or Suretyship.—A married woman does not bind herself personally nor her property by becoming surety for another, including her husband, unless her property be set apart for that purpose as provided by law, and where the uncontradicted testimony shows that she executed the writing sued on as surety, only, for another, the court should direct the jury to return a verdict in her favor in a suit against her upon the obligation.

SAMUEL THROCKMORTON and HOLMES & ROSE for appellant.

BUCKLER & McCARTNEY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On December 4, 1915, the appellant and defendant below, Sarah J. Robinson, with her husband, L. B. Robinson, and D. H. Hildreth, executed a note to the appellee and plaintiff below agreeing to pay it four months thereafter the sum of $287.00. This suit was brought to collect that note, and the defendant, Sarah J. Robinson, answered, stating that she was the wife of L. B. Robin-

son, and that she signed the note only as his surety and not for any individual benefit of her own, nor did she in any wise receive any of the proceeds of it, and she asked that the petition be dismissed as to her.

Upon trial of the case the court submitted to the jury the issue as to whether she was a principal or surety in the note, and the jury, by its verdict, found that she was a principal and liable thereon, and a judgment was rendered against her for the full amount, with interest, and complaining of it she has filed in this court the transcript of the record with a motion for an appeal.

As ground for reversal she insists that the testimony showed conclusively that she signed the note only as surety for her husband, and that her motion for a peremptory instruction to find in her favor should have been sustained. She testified that she signed the note at her home without having seen the cashier of the bank or any officer thereof, and without having conversed or in any manner communicated with any of them concerning the loan, and that the first she ever heard of the matter was when she was asked by her husband to sign the note. At that time her husband and one Taylor Brumagen were engaged in the mercantile business under the firm name of L. B. Robinson & Company, but defendant testified that her husband did not tell her the purpose for which he wanted the proceeds of the note. Defendant further testified that she, individually, did not need any money, since prior to that time she had sold a piece of property from the proceeds of which she had left, after investing in a small home, about $250.00, and that she obtained the piece of property which she had sold from a business which she had some time in the past operated in the village where she lived, but just when that was does not appear. Her testimony is not contradicted by any witness who testified in the case upon either side, but on the contrary it is substantiated.

The cashier of the bank testified that the note was presented by the husband and that he had no conversation with the wife concerning it, nor had she been in the bank with reference thereto. Hildreth, the third person who signed the note, swore that the note was presented to him by the husband with the signature of the latter and his wife upon it. Neither Hildreth nor the cashier pretended to claim that the wife received any part of the

proceeds of the note, nor that she or her husband claimed that she was a principal in it. . There is neither any express testimony nor any circumstances appearing in the record to indicate that the wife was a principal except, as is insisted, that she owns a small amount of property, while her husband appears to be insolvent. This condition, however, quite universally exists in all cases where the wife is sought to be held liable as principal, and clearly it can have no probative force upon the issue involved.

True it is that the cashier testified that the note sued on was a renewal of one or more notes held by his bank, some of which, at least, had been running for as much as eleven years, but none of them was shown to have been executed by the wife, either as principal or as surety, and none of their proceeds were shown to have ever been received by her, although the cashier was given an opportunity to show from his books to whom such proceeds were credited, but he failed to do so. With the evidence thus appearing, we are constrained to hold that there was a total failure of proof to overcome the uncontradicted testimony of the appellant, and her motion for a peremptory instruction in her favor should have been sustained.

Wherefore, the motion for an appeal is sustained and the appeal granted, and the judgment is reversed with directions to proceed in accordance with this opinion.